WO

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS) LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Stejic v. Aurora Loan Services, LLC, et al.<br>CV 10-01547-PHX-JAT | **Case Nos.: MD 09-02119-PHX-JAT**<br><br>**CV 10-01547-PHX-JAT**<br><br>**ORDER** |

Pending before the Court is Defendant Aurora Loan Services, LLC's ("Aurora") motion for judgment on the pleadings (Doc. 1833).

**Background**

This Court previously granted a motion to dismiss this case. Plaintiffs appealed that decision and the Court of Appeals reversed the dismissal (Doc. 1797). Following remand, Defendants indicated that they intended to again move to dismiss. This Court ordered that if any Defendant again moved to dismiss, such Defendant must address the Rule of Mandate and how this Court could entertain another round of motions to dismiss having already been reversed for dismissing the case (Doc. 1803).

1    Defendant Aurora filed its motion for judgment on the pleadings and completely
2 failed to comply with this Court's Order.  While the motion filed was called a "motion
3 for judgment on the pleadings," Aurora advocates throughout the motion that it is
4 decided on the Federal Rule of Civil Procedure 12(b)(6) standard (*see*, *e.g.*, Doc. 1833 at
5 3).  Thus, the Court does not see a distinction between a motion to dismiss under 12(b)(6)
6 and a motion for judgment on the pleadings for purposes of Defendants' obligation to
7 comply with the Order at Doc. 1803.

8    Further, the Court advised Defendant Aurora at the Rule 16 conference that the
9 Court was "surprised" it did not even cite the Court of Appeals decision in the motion for
10 judgment on the pleadings.  Aurora's response was to indicate they would address it only
11 if Plaintiffs addressed it in their response.  However, a lawyer should address controlling
12 case law even if the opposing side fails to cite it.[1]  Moreover, the Court had twice told

---

[1] Specifically, Aurora argues,

> …, even if Stejic's "and/or" allegation were [*sic*] generously construed as alleging Aurora caused the Deed to be recorded, Stejic offers zero factual enhancement for this bare allegation. Specifically, Stejic alleges no facts showing how or when Aurora allegedly caused QLS to record the Deed. Purely conclusory allegations of this type are insufficient to state a claim, and this pleading deficiency also requires dismissal. *See Haller v. Advanced Indus. Comp. Inc*., 13 F. Supp. 3d 1027, 1029 (D. Ariz. 2014) (a motion for judgment on the pleadings, like a Rule 12(b)(6) motion, "is directed at the legal sufficiency of the opposing party's pleadings") (internal quotation omitted); *Twombly*, 550 U.S. at 555 (a pleader must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

Doc. 1833 at 6-7.

> In its opinion, the Court of Appeals stated:
> Fourth, the MDL Court held that appellants had not pleaded their robosinging claims with sufficient particularity to satisfy Federal Rule of Civil Procedure 8(a). We disagree. … [T]he CAC also alleges that Jim Montes, who purportedly signed the substitution of trustee for the property for Milan Stejic had, on the same day, "signed and recorded, with differing signatures, numerous Substitutions of Trustee in the Maricopa County Recorder's Office….Many of the signatures appear visibly different than one another." These and similar allegations of the CAC "plausibly suggest an entitlement to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) and

Defendants that the Court expected the Court of Appeals decision to be addressed. Nonetheless, in their Reply, Aurora still fails to mention it.

**Rule of Mandate**

> …the *Ischay* court instructed that the "so-called rule of mandate 'presents a specific and more binding variant of the law of the case doctrine.' The rule of mandate requires that, on remand, the lower court's actions must be consistent with both the letter *and the spirit* of the higher court's decision."*Ischay,* 383 F.Supp.2d at 1214 (citations omitted). The court continued:
>
>> The rule of mandate is similar to, but broader than, the law of the case doctrine. A district court, upon receiving the mandate of an appellate court cannot vary it or examine it for any other purpose than execution. Thus, a district court could not refuse to dismiss a case when the mandate required it, and a district court could not revisit its already final determinations unless the mandate allowed it[.]
>
> *Id.,* quoting *Cote,* 51 F.3d at 181 (citations omitted in original).

*Coto v. Astrue*, No. CV 07-3559-PLA, 2008 WL 4642965, at *6 (C.D. Cal. Oct. 20, 2008).

Here, as discussed above, Aurora fails to explain how this Court granting judgment on the pleadings under the exact same legal standard as the 12(b)(6) standard on which this Court has already been reversed would not violate the Rule of Mandate. This Court has reviewed the Opinion of the Court of Appeals and finds that it bars this Court from reconsidering dismissal under 12(b)(6) by way of a 12(c) motion. Accordingly,

**IT IS ORDERED** that Aurora's motion for judgment on the pleadings (Doc. 1833; CV 10-1547, Doc. 22) is denied.

---

> provide defendants fair notice as to the nature of appellants' claims against them, *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Doc. 1797-1 at 24-25.
    Based on the foregoing, this Court finds that the Court of Appeals has already directly decided that Plaintiff Stejic stated a claim against defendants.

1    **IT IS FURTHER ORDERED** that Plaintiff's request for oral argument is denied
2 because the parties have been given multiple opportunities to address the issue of concern
3 to the Court and have repeatedly failed to do so. Thus, the Court finds that oral argument
4 would not aid the Court's decisional process on this topic because the parties will not
5 address it. *See e.g., Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las*
6 *Vegas Investors Group, Inc. v. Pacific. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir.
7 1991).

8    **IT IS FINALLY ORDERED** that the Clerk of the Court shall file a copy of this
9 Order in both cases listed above.

10    Dated this 28th day of May, 2015.

*[signature]*
James A. Teilborg
Senior United States District Judge